# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v<br><br>**$15,205.00** *FORMERLY CONTAINED IN SAFE DEPOSIT BOX #001-064-512 AT PNC BANK, PITTSBURGH, PA 15201*, **$72,330.00** *FORMERLY CONTAINED IN SAFE DEPOSIT BOX #001-064-272 AT PNC BANK, PITTSBURGH, PA 1520* **and $6,602.09 IN UNITED STATES CURRENCY,**<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:11-cv-965 |

## MEMORANDUM ORDER OF COURT

Pending before the Court is the ANSWER TO THE VERIFIED COMPLAINT FOR FORFEITURE PURSUANT TO THE FED. R. CIV. P. 12(b) (ECF No. 43) filed by claimant, Terrald Bennett ("Bennett"). The government has filed the UNITED STATES' REPLY TO TERRALD BENNETT'S ANSWER TO THE VERIFIED COMPLAINT FOR FORFEITURE (ECF No. 44).

The government initiated this civil forfeiture action by filing a verified complaint for forfeiture on July 28, 2011. Bennett filed a verified claim on May 13, 2013. Bennett had 21 days from the filing of his claim within which to file an answer or Rule 12(b) motion. *See* Fed. R. Civ. P., Suppl. Admiralty and Maritime Claims Rule G. Bennett filed numerous responses to the complaint, none of which could be construed as an answer or a Rule 12(b) motion. The Court has given Bennett numerous extensions of time to file a response. Most recently, on November 15, 2013, the Court gave Plaintiff until December 13, 2013, to file a response that conformed with the Federal Rules of Civil Procedure, noting that "NO FURTHER

EXTENSIONS OF TIME WILL BE GRANTED." Text Order of Nov. 15, 2013 (sent to Terrald Bennett, FCI Glenville, PO Box 6000, Glenville, WV, 26351 via first class mail). Bennett filed his "answer" on December 6, 2013.

Although Bennett has styled his response as an "answer," the Court construes it as a Rule 12(b) motion which seeks dismissal of the verified complaint on three grounds: lack of personal jurisdiction, insufficient process, and failure to state a claim. Plaintiff, in essence, argues that because he and the government only agreed in his plea agreement to the forfeiture of two vehicles, a 2007 grey Audi A8L and a 2007 grey BMW XS, the government has violated his plea agreement by bringing this forfeiture action in which it seeks forfeiture of $72,330.00 contained in a safety deposit box belong to Bennett. According to Bennett, "he was under the assumption that his guilty plea had finalized his whole agreement with the government." Bennett's Answer at 2 (ECF No. 43).

This argument ignores the distinction between criminal and civil forfeiture proceedings. Nothing prohibited the government from including a forfeiture allegation in the indictment against Bennett and then filing a civil forfeiture action seeking other forfeitable assets. *See U.S. v. Houshar*, No. CRIM.A. 01-272-02, 2006 WL 562206, at *6 n.10 (E.D. Pa. 2006) (noting that this practice is "routine"); *see also* 18 U.S.C. § 983(a)(3)(C). More to the point, Bennett has not pointed to any provision in his plea agreement with the government whereby the government agreed not to bring a subsequent civil forfeiture action. *See U.S. v. Two Parcels of Real Property Located at 101 N. Liberty St. and 105 Liberty St.*, 80 F. Supp. 2d 1298, 1305 (M.D. Ala. 2000) (rejecting argument similar to Bennett's since "plea agreement does not contain any provision prohibiting the government from initiating subsequent forfeiture proceedings"). Accordingly, Bennett is not entitled to the relief requested by his motion. Said motion is **DENIED**.

**SO ORDERED** this 18th day of December, 2013.

It is **FURTHER ORDERED** that Bennett shall file an Answer that conforms to the requirements of the Federal Rules of Civil Procedure,[1] specifically admitting or denying each numbered paragraph in the government's verified complaint, on or before January 8, 2014, at which time if Bennett is not compliant, the above proceeds will be forfeited to the Untied States free and clear of all right, title and interest of any person or entity.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Koleen S. Kirkwood, Esquire**
Email: koleen.kirkwood@usdoj.gov
**Lee Karl, Esquire**
Email: lee.karl@usdoj.gov

**TERRALD BENNETT**
#32796-068
F.C.I. Glenville
P.O. Box 6000
Glenville, WV 26351

---

1. Fed. R. Civ. P. 8(b)(1) provides that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defense to each claim asserted against it; and (B) **admit or deny** the allegations asserted against it by an opposing party." Moreover, "a denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2).